**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA**
_GAinesville florida_ **DIVISION**

## CIVIL RIGHTS COMPLAINT FORM
### TO BE USED BY PRO SE (NON-PRISONER) LITIGANTS IN ACTIONS
### UNDER 28 U.S.C. § 1331 or § 1346 OR 42 U.S.C. § 1983

Leonard Windell WAters

---

(Enter full name of Plaintiff(s))

vs. STATE of FLORIDA Gov. CHARLES J. CRISTCASE NO: 1:07cv184 MP/AK
State Attorney William P. CERVONE         (To be assigned by Clerk)
Asst. STATE MARGARET STACK
STATE Public DEFENDer Richard PAKER
Asst. Public DEFENDER ELLie WilKov
ALan WaldmAn M.D.
DR. Clifford LEVIN, P.H.D.

---

(Enter name and title of each Defendant.

If additional space is required, use the

blank area below and directly to the right.)

**ANSWER ALL QUESTIONS ON THE FOLLOWING PAGES:**

**I.    PLAINTIFF:**

State your full name and full mailing address in the lines below.

Name of Plaintiff: _Leonard ~~Waste~~ Windell Waters_

Mailing address: ~~P.O. Box 506 High spring FL 36663~~

Also Mailing Address   3333 NE 39th AVE

Gainesville Florida 32609

**II.    DEFENDANT(S):**

State the name of the Defendant in the first line, official position in the second line, place of employment in the third line, and mailing address.  Do the same for **every** Defendant:

(1)  Defendant's name:   CHARLES J. CRIST JR.

Official position:   GOVERNOR of STATE of FLORIDA

Employed at:   STATE of Florida Capitol

Mailing address:   State of Florida Capitol. 400 S. MonROE. Street

---

(2)  Defendant's name:   MARGARET STACK

Official position:   Asst. State ATTORNEY of Alachua, county, FL.

Employed at:   STATE Attorney office

Mailing address:   P.O Box 1437

Gainesville Florida 32602-1437

(3)  Defendant's name:   ELLIE WILKOV

Official position:   Asst. Public Defender of Alachua county FL.

Employed at:   State Public Defender office

Mailing address:   P.O Box 2820

Gainesville, Florida 32602-2820

(4)  Defendant's name:   ALAN Waldman M.D

Official position:   Psychiatrist

Employed at:   602 S. MAin Street

Mailing address:   602 S. MAin Street Suite # G

Gainesville, Florida 32601

**ATTACH ADDITIONAL PAGES HERE TO NAME ADDITIONAL DEFENDANTS**

2

**I.    PLAINTIFF:**

State your full name and full mailing address in the lines below.

Name of Plaintiff: *Leonard ~~Wade~~ Windell Waters*

Mailing address: ~~P.O. Box 506 Hawthorn FL 32640~~

Also Mailing: *3333 NE 39th AVE*
*Gainesville, Florida 32609*

**II.    DEFENDANT(S):**

State the name of the Defendant in the first line, official position in the second line, place of employment in the third line, and mailing address. Do the same for **every** Defendant:

(5)    Defendant's name: *William P. Cervone*

Official position: *State Attorney of Alachua, County, FL.*

Employed at: *State Attorney office*

Mailing address: *P.O Box 1437*
*Gainesville, Florida 32602-1437*

(6)    Defendant's name: *Richard Palker*

Official position: *State Public Defender of Alachua, County, FL.*

Employed at: *State Public defender Office*

Mailing address: *P.O. Box 2820*
*Gainesville, Florida 32602-2820*

(7)    Defendant's name: *Clifford Levin P.H.D*

Official position: *Psychiatrist*

Employed at: *1212 NW 12th AVE Suite #B*

Mailing address: *P.O Box 4195*
*Gainesville Florida 32601-4195*

(8)    Defendant's name: _____

Official position: _____

Employed at: _____

Mailing address: _____

_____

**ATTACH ADDITIONAL PAGES HERE TO NAME ADDITIONAL DEFENDANTS**

3

## III.    STATEMENT OF FACTS:

State briefly the FACTS of this case.  Describe how each Defendant was involved and what each person did or did not do which gives rise to your claim.  In describing what happened, state the names of persons involved, dates, and places.  Do not make any legal arguments or cite to any cases or statutes.  You must set forth separate factual allegations in separately numbered paragraphs. You may make copies of this page if necessary to supply all the facts.  Barring extraordinary circumstances, no more than five (5) additional pages should be attached.  (**If there are facts which are not related to this same basic incident or issue, they must be addressed in a separate civil rights complaint.**)

Gov. CHarles J. CRIST Allowed his Employee to do me harm by Violating my STATE AND Federal Constitution. My STATE AND UNITED STATE Constitution SAID That I may FACE, my ACCUSER in ANY court hearing ON 7-29-03 A Conflict of Interest was filed with the court by the Public Defenders office. ON 7-31-03 An order granting A Conflict to be Put in They Place. The Conflict Attorney was John STokes P.A, AS ONE Can see clearly That, The STATE ATTorney William P. CERVONE And his Employee MARGARET STACK AssTsTaTe ATTorney. HAD Team up with STATE Public DEFENDER Richard PARKER And his Employee ASST. Ellie WilKov And Alan Waldman And DR. CliffoRD LEVIN P.H.D to Violated my sTATE And Federal constitutions 4) 5) 6) (14). Gov. CHARles J. Crist Did Nothing to Stop his employees in they Act to do harm. State Attorney william P. Cervone did nothing to stop his employee, Asst MARGARET STACK from team up with A Asst Public defender by the name of Asst. Ellie Wilkov to Tell lies, in the Court Room to the Hon. Robert P. Cates, Also hiring to Doctor's to give false statement, And information on Mr Leonard Windell Waters, All this took Place on the date 9-22-04. State Public DeFender Richard PARker did nothing to Stop his Asst. Public defender Ellie Wilkov from teaming up with Asst State Attorney Also MARGAREt STack, which they both hired two Doctors to get false statement and false information to the CourtRoom of the Hon. Robert P. Cates, These statements and actions Violated my sTAte And Federal constitions because I Never Meet

4

**III.   STATEMENT OF FACTS:** *Add Page*

State briefly the FACTS of this case. Describe how <u>each</u> Defendant was involved and what each person did or did not do which gives rise to your claim. In describing what happened, state the names of persons involved, dates, and places. <u>Do not make any legal arguments or cite to any cases or statutes.</u> You must set forth separate factual allegations in separately numbered paragraphs. You may make copies of this page if necessary to supply all the facts. Barring extraordinary circumstances, no more than five (5) additional pages should be attached. (**If there are facts which are not related to this same basic incident or issue, they must be addressed in a separate civil rights complaint.**)

The Doctor's before in my Life, And I have not received any court hearings I was in R,M,C, correctional Institution in Lake Butler, Florida, Because of A medical Problem, then I went to Jackson Correctional Institution, Still never received any hearing Notice, Which Violated my state and Federal Constitetion, when I learned About they Actions I wrote A letter to all of the Party's who was involed letting them Know, that it was a Violation of the State And Federal constitution. Then Alan Waldman came to Jackson Correctional Institution And Physical thearten me About my letter I wrote to the Honos Able Judges Both D.C.A And Lower Court informing then of the Party's Involement, Plus the use of State and Federal Funds to Pay Both Doctor's to get false statements in open court Knowing that I was not in court for any hearing this was Illegal Actions Dr Clifford Levin P.H.D And Alan Waldman MD Took money to gave false statements And False informations Plus agree to the Statements of false Statements to A Hon. Judge Robert P. Cates, And Allowed the State Attorney office, And State Public Defender office to Miss Use state and Federal funds is A Violation of The Constitution, (4),(5),(6),(14), Article's of The Constitution of State and Federal Laws, which add A Prejudice information on ME, Also a prejudice Justice on me S with prejudice Act's, I Am wondering is these actions OR Because I Am A Blackman, or Because I Been to Jail. In my Life

5

## IV.    STATEMENT OF CLAIMS:

State what rights under the Constitution, laws, or treaties of the United States you claim have been violated. Be specific. Number each separate claim and relate it to the facts alleged in Section III. **If claims are not related to the same basic incident or issue, they must be addressed in a separate civil rights complaint.**

I "Leonard Windell Waters," it is unfair, which is in the Law's of the state And United States Constitution That No person Shall be ~~threaten~~ threaten, or harm, Any way Physically or Mentally and their ~~absent~~ absent. See Constitution Laws (4) Article (#5) Article, (#6) Article (#14) Article, which show no legal person Shall lies in the courtroom when speaking on the defendant's Behalf or Against a Defendant's Behalf, if done it will show Prejudice and a Violation of Due process which is A Harmful Act of our State and Federal due process Laws of the Constitutions

## V.    RELIEF REQUESTED:

State briefly what relief you seek from the Court. Do not make legal arguments or cite to cases/ statutes.

I want to Sue the Party's for 410.8 Million dollar's, And I want them EACH to tell the People of the State of florida that they are soRRY for their actions Against the Alachua County, And the State of florida for their prejudice, with respect to My Govenor Charles J. CRist

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.**

9-25-07

(Date)

Leonard Windell Waters

(Signature of Plaintiff)

IN THE CIRCUIT COURT OF THE EIGHTH JUDICIAL CIRCUIT,
IN AND FOR ALACHUA COUNTY, FLORIDA

STATE OF FLORIDA,

    Plaintiff,

vs.

LEONARD WINDELL WATERS,

    Defendant.

_____/

CASE NO.:    01-2000-CF-03260-A
                01-2000-CF-04368-A

## ORDER SETTING CALENDAR CALL

TO:    Jeanne Singer, Assistant State Attorney
        Pamela K. Brockway, Assistant State Attorney

        Leonard W. Waters
        DC #0-G06130
        Holmes Correctional Institute
        3142 Thomas Drive / Dorm F2134S
        Bonifay, FL 32425

    THIS MATTER having been considered by the Court on the Defendant's Motion to Correct Illegal Sentence **(copy attached),** the Court finds that pursuant to Rule 3.800, Fla.R.Crim.P., a calendar call should be set in this matter. Therefore, it is hereby

    ORDERED AND ADJUDGED that a calendar call on this matter is set for **MONDAY, JULY 19, 2004, AT 9:00 P.M.,** or as soon thereafter as counsel may be heard, in Courtroom 1A, Alachua County Courthouse Criminal Justice Center, 220 South Main Street, Gainesville, Florida.

    DONE AND ORDERED this 21 day of June, 2004.

ROBERT P. CATES
Circuit Judge

*If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Jan Phillips, Personnel Specialist, Alachua County Courthouse, 201 E. University Avenue, Gainesville, FL 32601 (352) 374-3648, within 2 working days of your receipt of this notice; if you are hearing or voice impaired, call 1-800-955-8771.*

REC TION MEDICAL CENTER

DATE: 6-11-04

INMATE INITIALS: L W

IN THE CIRCUIT COURT OF THE *EIGHTH* JUDICIAL CIRCUIT
IN AND FOR *ALACHUA* COUNTY, STATE OF FLORIDA

STATE OF FLORIDA,
    Plaintiff,

Case No(s).: *01-2000-3260-CFA*
                *01-2000-4368-CFA*

v.

*Leonard Waters*,
    Defendant.

_____/

### MOTION TO CORRECT ILLEGAL SENTENCE

Defendant, *Leonard Waters*, pro se, pursuant

Fla.R.Cr.P. 3.800(a), moves this Honorable Court to correct a

illegal sentence imposed by this Court, as grounds herein would

show:

### FACTS DEFENDANT RELIES UPON FOR RELIEF

The defendant, Leonard Waters, was sentenced to 48 months prison on August 20th 2001. The sentence was suspended, the defendant received a 340-days jail-time credit followed by a 3-years probation. On November 30th 2001 a violation of that probation was filed against the defendant in this Court. On August 7th 2002, the Honorable Judge, Guinta, resentenced the defendant to one-year Community Control follow by two-years probation. The judge further ruled that by completion of the Community Control, the defendant should enjoy time credit on formentioned.

- - - - -

*next page*

J

Community Control by transferring his awarded time to probation

On January 23rd 2003, the defendant filed pro se a "Motion To Terminate Community Control". As a result of the hearing on this motion, this Court ordered the Termination of Community Control on February 13th 2003. On April 16th 2003, the defendant has been violated his probation. In the following Sentence-Hearing, upon this violation, on December 3rd 2003, this Court sentenced the defendant to another 48 months prison with a 624-days jail-time credit. The defendant requested time credit for his completed Community Control as well as his additional previously served probation time. The judge held that he didn't know if he was allowed to grant credit on previously time served on Community Control.

On a Re-Hearing, December 24th 2003, this Court partially corrected the imposed sentence by changing the felony to misdemeanor conviction. The Court referred to the Department Of Correction on defendant's repeated request on the disputed matter of credit for Community Control time served.

ARGUMENT IN SUPPORT OF THE FACTS

The defendant, Leonard Waters, argues that his length of confinement is illegal because upon revocation of his probation followed by his one-year completion of Community Control, Court must credit time served on probation and community control to any newly imposed term of imprisonment. See Jesse Waters v. State of Florida 662, So. 2d 332, Fla. 1st DCA, Davis v. State of Florida 601, So. 2d 318, Fla. 1st DCA, and Poulson v. State of Florida 610, So. 2d 710, Fla. 4th DCA. Here, the Community Control was parted Sentence and has been satisfactorily served. The defendant was entitled for credit on previously time served with regard to probationary portion and Community Control of the same offense, see Goss v. State of Florida 608, So. 2d 541, Fla. 3rd DCA, such credit is required by the Florida Supreme Court's recent decision in Summers v. State of Florida, 642 So. 2d 742, see also: Francois v. State of Florida 695, So. 2d 695 and Bragg v. State of Florida 644, So. 2d 586, Fla. 1st DCA. In State v. Trent 770, So. 2d 1272, the Florida 4th District Court of Appeal held that when a written sentencing order conflicts with an oral pronouncement, the orally pronounced sentence prevails. See Mathis v. State of Florida at 649 So. 2d 279, Fla. 3rd DCA. Also see: Willis v. State of Florida, 543 So. 2d 343, Fla. 1st DCA, and Richard v. State of Florida 521 So. 2d 292, Fla. 1st DCA.

## RELIEF SOUGHT

The defendant prays that this court concedes the illegal sentencing and correct pursuant to Florida Rules and Criminal Procedure 3.800 (a) by reducing his current inprisonment by the previously time served on Community Control and probation.

Executed on this 10Th day of June, 2004.

Leonard W. Waters   ·DC# U-G06130
Holmes Correctional Institution
3142 Thomas Drive/Dorm F21345
Bonifay, Florida 32425

## CERTIFICATE OF SERVICE

I **Hereby Certify,** that a true and correct copy of the foregoing Motion to Correct Illegal Sentence, has been forwarded to the State Attorney, located at P.0 Box 1437 Gainesville, Florida 32602, William P, Cervone by placing same in the U.S. Mail this 10Th day of June , 20 04

Leonard W. Waters
(Defendant)

\*\*\*   REC 2007186   092935 H71001E0 C9YH   CIPQYAG   PQAG   (F-C9Y )   \*\*\*

SOCIAL SECURITY ADMINISTRATION

Date: July 5, 2007
Claim Number: ~~[redacted]~~

LEONARD W WATERS
PO BOX 506
HIGH SPRINGS FL 32616-0506

JUL - 5 2007

You asked us for information from your record. The information that you
requested is shown below. If you want anyone else to have this information, you
may send them this letter.

Information About Application for Disability Benefits

Our records show that an application for disability benefits has been filed.
However, we have not yet finished working on the claim and at this time we
cannot tell you whether or not benefits will be payable.

If You Have Any Questions

If you have any questions, you may call us at 1-800-772-1213, or call your
local Social Security office at 352-375-4178. We can answer most questions
over the phone. You can also write or visit any Social Security office. The
office that serves your area is located at:

SOCIAL SECURITY
1610 NW 23 AVE
GAINESVILLE, FL 32605

If you do call or visit an office, please have this letter with you. It will
help us answer your questions.

OFFICE MANAGER



SOCIAL SECURITY ADMINISTRATION

## REPORT OF CONFIDENTIAL
## SOCIAL SECURITY BENEFIT INFORMATION

| SOCIAL SECURITY CLAIM NUMBER | BIC |
|---|---|
|  | |

Information about a person's Social Security Benefits is confidential by law.   Except under certain circumstances specified by law and regulations, the Social Security Administration does not reveal such information to any person except the beneficiary involved, or his or her authorized representative.

Beneficiary's name and address

• Leonard W. Waters
PO BOX 506
High Spirngs, FL 32616-

JUL 11 2007

1. Name of person or agency from whom a request for benefit information was received.

☒ Beneficiary

☐ Other *(Show name and address)*

The person or agency named in item (1) above has requested information about your benefits. The information requested has been provided in the items checked (√) below, and is being sent to you for your convenience. If you want the requesting agency (other than yourself) to have this information, you may show or send them this official report.

| | | |
|---|---|---|
| 2. ☐ | The gross amount of your monthly Social Security benefit is | $ |
| | The amount deducted for Medicare is | $ |
| | The net amount of your Social Security check each month is | $ |
| 3. ☐ | The above amount became effective | Month-Year |
| 4. ☐ | Your monthly benefit (before deduction for Medicare)   From (month-year)   Through (month-year) | $ |
| 5. ☐ | The monthly amount of your Supplemental Security Income payment is | $ |
| 6. ☐ | The above amount became effective | Month-Year |
| 7. ☐ | The total monthly amount of your Social Security benefit and supplemental security income payment is | $ |
| 8. ☐ | According to our records your date of birth is | Month-Day-Year |
| 9. ☐ | We are unable, at this time, to tell you whether benefits may be payable in your case, because the processing of your claim for disability benefits has not been completed.  If it is determined that benefits are payable, you will receive notification of the exact amount and effective date. | |

10. ☒ Other

Our records show your reconsideration filed 07/13/06 was denied on March 23, 2007

| SS DISTRICT OFFICE ADDRESS | SIGNATURE AND TITLE OF AUTHORIZED OFFICIAL |
|---|---|
| 1610 NW 23 Ave PO Box 5189 | |
| Gainesville, FL 32627-5189 | TELEPHONE NO. (Include Area Code)   DATE |
| | (352) 375-4178    07-11-2007 |

Form **SSA-2458** (02-1984) EF (07-2002)

IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT OF FLORIDA


**LEONARD WINDELL WATERS,**

      Appellant,

v.                                CASE NO.    **1D04-59**

STATE OF FLORIDA,

      Appellee.

_____/


ON APPEAL FROM THE CIRCUIT COURT
OF THE **EIGHTH** JUDICIAL CIRCUIT,
IN AND FOR **ALACHUA** COUNTY, FLORIDA


**REPLY BRIEF OF APPELLANT**


NANCY A. DANIELS
PUBLIC DEFENDER
SECOND JUDICIAL CIRCUIT

**DANIELLE JORDEN**
ASSISTANT PUBLIC DEFENDER
FLORIDA BAR NUMBER **0946834**
LEON COUNTY COURTHOUSE
SUITE 401
301 SOUTH MONROE STREET
TALLAHASSEE, FLORIDA 32301
(850) 488-2458

ATTORNEY FOR APPELLANT

11

## **TABLE OF CONTENTS**

Page

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . i

TABLE OF CITATIONS  . . . . . . . . . . . . . . . . . . . . . . . ii

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT

    I.   THE TRIAL COURT ABUSED ITS DISCRETION BY FINDING
        THAT APPELLANT VIOLATED HIS PROBATION BY NOT
        PAYING COSTS WHEN THERE WAS NO EVIDENCE OF HIS
        ABILITY TO PAY SUCH COSTS.  . . . . . . . . . . . . 2

    II.  THE TRIAL COURT ABUSED ITS DISCRETION BY FINDING
        THAT APPELLANT VIOLATED HIS PROBATION BY
        COMMITTING THE NEW CRIME OF GRAND THEFT WHEN
        THERE WAS INSUFFICIENT EVIDENCE OF THE CRIME. . . . 5

    III. THE TRIAL COURT ERRED BY FINDING A VIOLATION
        BASED ON THE NEW LAW VIOLATION OF DOMESTIC
        BATTERY AS THERE WAS INSUFFICIENT EVIDENCE OF
        THE CRIME.  . . . . . . . . . . . . . . . . . . . . 6

    IV.  THE TRIAL COURT ERRED BY NOT ENTERING ORDERS
        OF REVOCATION WHICH SPECIFICALLY STATED THE
        CONDITIONS OF PROBATION VIOLATED. . . . . . . . . . 7

    V.   THE TRIAL COURT LACKED JURISDICTION TO ENTER
        AMENDED ORDERS OF PROBATION ON JANUARY 27, 2005. . 8

CONCLUSION  . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

CERTIFICATE OF SERVICE  . . . . . . . . . . . . . . . . . . . . 10

CERTIFICATE OF FONT SIZE  . . . . . . . . . . . . . . . . . . . 10

i

*Danielle Jorden*

IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT OF FLORIDA

LEONARD WINDELL WATERS,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

CASE NO.  1D04-00059



ON APPEAL FROM THE CIRCUIT COURT
OF THE EIGHTH JUDICIAL CIRCUIT,
IN AND FOR ALACHUA COUNTY, FLORIDA

<u>ANSWER BRIEF OF APPELLEE</u>

CHARLES J. CRIST, JR.
ATTORNEY GENERAL

ALAN R. DAKAN
ASSISTANT ATTORNEY GENERAL
FLORIDA BAR NO. 0118064

OFFICE OF THE ATTORNEY GENERAL
PL-01, THE CAPITOL
TALLAHASSEE, FLORIDA 32399-1050
(850) 414-3300
(850) 922-6674 (FAX)

COUNSEL FOR APPELLEE

On December 3, 2003, the trial court entered an order of revocation of probation (Vol. 1, p. 109, Vol. 2, p. 270).   That is a "form" order and states, via a checked box,

> The defendant has not properly conducted himself and violated the conditions of Probation in a material respect by [check mark] All conditions contained in affidavit filed on [filled in] 16 April, 2003 (*sic*.).

The order sentenced the appellant to 48 months in state prison (Vol. 1, p. 109).   The trial court also entered  separate judgments and sentences adjudicating the appellant guilty and sentencing him to 48 months state prison, concurrent on each case (Vol. 1, p. 105 – 108, Vol. 2, p. 262 – 270).   Thereafter the appellant timely filed his notice of appeal (Vol. 1, p. 117, Vol. 2, p. 280).

On September 14, 2004, the appellant filed a motion to correct sentencing error, requesting the trial court to amend the probation revocation orders to state with specificity the conditions violated (Vol. 11, p.  331 – 342).   The trial court took no action within 60 days of filing of the motion.   However, on January 7, 2005, the trial court filed a motion for extension of time with this court (Vol. 11, p. 344, 345), which was denied on January 26, 2005 (See court docket).   On January 27, 2005, during the pendency of this appeal, the trial court entered an amended revocation order (Vol. 12, p. 346).   In the order the trial court found that the appellant had violated condition two of his probation order by failing to pay costs of supervision and that the appellant had the "capability" to pay; the appellant had violated condition five with new law violations of, apparently,

-3-

IN THE CIRCUIT COURT, EIGHTH JUDICIAL CIRCUIT
IN AND FOR ALACHUA COUNTY, FLORIDA.

STATE OF FLORIDA,

    Plaintiff,

vs.

LEONARD WINDELL WATERS,

    Defendant.

CASE NO.: 01-2000-CF-03260-A
      01-2000-CF-04368-A
DIVISION: "IV"

_____

## ORDER DIRECTING FURTHER EXAMINATION TO DETERMINE COMPETENCE

Defendant, LEONARD WINDELL WATERS, was before the Court for a determination as to Defendant's competency to proceed to trial. The Court received the testimony of Allen J. Waldman, M.D., and Clifford Levin, Ph.D., psychologist.

Dr. Waldman is a highly qualified expert in the area of psychiatry, and neuropsychology. Dr. Levin is a highly qualified forensic psychologist.

After hearing the testimony of both experts, the Court finds that it cannot determine by clear and convincing evidence that the Defendant is competent to stand trial. As Dr. Waldman testified, Defendant has suffered brain damage due to polysubstance abuse and his competence waxes and wanes. He may also suffer from a schizotypal personality disorder. Dr. Waldman testified that Mr. Waters is competent to proceed as defined in Rule 3.211, Florida Rules of Criminal Procedure, but he also testified that Mr. Waters cannot rationally work with his attorney. Dr. Waldman also testified that Defendant doesn't have a grasp of what goes on in the Courtroom, but that the Defendant does not suffer from visual nor auditory hallucinations.

Dr. Levin also found Defendant competent to trial but has found Defendant incompetent to proceed in the past. Dr. Levin also testified that Defendant has underlying mental health issues, that he may become intransigent in his beliefs and if he does his ideas becomes totally fixed. Dr. Levin testified that Defendant is extremely paranoid and that he probably lacks the ability to testify in Court because of the possibility that he may become rigid in his beliefs on cross examination and testify only to fixed ideas which he may have. Dr. Levin also testified that the Defendant lacks the ability to assist his own attorney.

State v. Waters
Case No. 01-2000-CF-03260-A
Page 2

After receiving the foregoing information, the Court determined that it was not clear that Defendant could assist his own attorney.  Therefore, with the assistance of Drs. Waldman and Levin, and counsel for the State and defense, the Court has determined that the following plan should be implemented for Defendant, LEONARD WINDELL WATERS:

1. Defendant shall be supervised by Dr. Alan Waldman, M.D. in his capacity as psychiatrist and neuropsychologist;

2.  At the expense of the State of Florida/Court System of the Eighth Judicial Circuit, Defendant shall receive a complete neurological evaluation;

3.  Defendant shall be given and MRI under the supervision of Dr. Waldman; and

4. Defendant shall be subjected to any further physical tests, examinations or mental tests and evaluations that are determined to be necessary by Dr. Waldman.

The purpose of these examinations are to determine what the underlying cause of the Defendant's mental health problems are, how they affect his ability to stand trial, whether the Defendant is in fact able to assist his attorney, and whether the Defendant would be qualified or able to take the stand and address questions on direct and cross examination effectively.

DONE AND ORDERED this 2²day of September, 2004.

ROBERT P. CATES
Circuit Judge

State v. Waters
Case No. 01-2000-CF-03260-A
Page 3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing  Order has been furnished by U.S. Mail/hand delivery,  on this ᴅᴏ⎯ day of September, 2004, to the following:

Margaret Stack, Assistant State Attorney

Ellie Wilkov.  Assistant Public Defender

Leonard W. Waters, DC #O-G06130
Holmes Correctional Institution
3142 Thomas Drive / Dorm F21345
Bonifay, FL 32425

Alan Waldman, M.D.
602 South Main Street, Suite G
Gainesville, FL 32601

Dr. Clifford Levin
1212 NW 12th Avenue, Suite B
Gainesville, FL 32601-4195

N. Catherine Eiland
Judicial Assistant

## NOTICE
IF YOU ARE A PERSON WITH A DISABILITY WHO NEEDS ANY ACCOMMODATION IN ORDER TO PARTICIPATE IN THIS PROCEEDING, YOU ARE ENTITLED, AT NO COST TO YOU, TO THE PROVISION OF CERTAIN ASSISTANCE. PLEASE CONTACT ADA COORDINATOR AT (352) 337-6237 WITHIN TWO (2) WORKING DAYS OF YOUR RECEIPT OF THIS NOTICE. IF YOU ARE HEARING IMPAIRED OR VOICE IMPAIRED, CALL 1-800-955-8771.

Case 1:07-cv-00184-MP-GRJ   Document 1   Filed 09/28/07   Page 22 of 22

LEONAR WINDELL WATERS
333 N.E 39th AVE
Gainesville, Florida 32609
C-3 Dorm

# 1

All 3 Letter
Are One Motion

GAINESVILLE/GNV
FL 326 1 L
27 SEP 2007

USA 41

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
OFFICE OF THE CLERK
401 S.E 1ST AVENUE SUITE 243
GAINESVILLE, FLORIDA 32601-6805