IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION


**LEONARD WENDELL WATERS,**

    **Plaintiff,**

**vs.**                                                         **CASE NO. 1:07CV184-MP/AK**

**CHARLES CRIST, et al,**

    **Defendants.**

_____/


## REPORT AND RECOMMENDATION

Plaintiff brings this cause of action pursuant to 42 U.S.C. §1983 against Governor Crist, the prosecuting and defense attorneys involved in his state court proceeding, and two psychiatrists. (Doc. 1). He claims that the attorneys and doctors lied in court, the doctors gave false statements, and Governor Crist allowed this to happen.

**I.    Standard of Review**

A court may dismiss a case proceeding *in forma pauperis* if the complaint fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A. *Pro se* complaints are to be held to a less stringent standard than those drafted by an attorney. Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986), *citing* Haines v. Kerner, 404 U.S. 519, 520-1, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972). However, a plaintiff is still required to "set forth factual allegations, either direct or

inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Worst v. Hart, 1995 WL 431357, *2 (N.D. Fla. 1995).  It cannot be assumed that a Plaintiff will prove facts which have not been alleged.  Quality Foods de Centro America, 711 F.2d at 995, *citing* Associated General Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 103 S. Ct. 897, 902, 74 L. Ed. 2d 723 (1983).  Hence, even though the pleading standard for a *pro se* complaint is quite liberal, "bald assertions and conclusions of law will not suffice." Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir. 1996).  Additionally, the court's duty to construe a plaintiff's complaint liberally is not the equivalent of a duty to rewrite it.  Peterson v. Atlanta Housing Auth., 998 F.2d 904, 912 (11th Cir. 1993).

The Court is required to dismiss a complaint at any time if it is determined to be frivolous.  28 U.S.C. §1915(e)(2)(B)(I).  Typically, a court should serve the complaint and have benefit of the defendant's response before making such a determination, but there are compelling reasons for immediately dismissing frivolous suits by prisoners since they unduly burden the courts, obscure meritorious claims, and require innocent parties to expend significant resources in their defense. Williams v. Secretary for the Department of Corrections, 131 Fed. Appx. 682, 686 (11th Cir. 2005).  Dismissal prior to service is also appropriate when the Court determines from the face of the complaint that the factual allegations are clearly baseless or that the legal theories are indisputably meritless.  Williams, *supra*; Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).

**No. 1:07cv184-MP/AK**

## II.  Analysis

The absolute immunity of a defendant is one of a number of grounds which justifies § 1915(d) dismissal.  <u>Clark v. Ga. State Pardons and Parole Bd.</u>, 915 F.2d 636, 640 n. 2 (11th Cir. 1990) and cases cited. Prosecuting attorneys are absolutely immune from their acts in initiating or pursuing criminal prosecution.  <u>Imbler v. Pachtman</u>, 424 U.S. 409, 431 (1976); <u>Jones v. Cannon</u>, 174 F.3d 1271, 1281 (11th Cir. 1999).  Such absolute immunity extends to a prosecutor's "acts undertaken...in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State."  <u>Buckley v. Fitzsimmons</u>, 509 U.S. 259, 273, 113 S. Ct. 2606, 125 L.Ed.2d 209 (1993).  Such immunity extends to most court appearances, including examining witnesses and presenting evidence.  <u>Burns v. Reed</u>, 500 U.S. 478, 492 (1991).

Plaintiff claims that his own attorneys "teamed up" with the state attorneys office to present doctors statement that were false, in that Plaintiff never saw the two psychiatrists whose reports were apparently presented in evidence at his trial.

It is clear that Defendants Stack and Cervone are immune from suit for the acts undertaken in their role as advocates of the state.

Plaintiff's complaints about his own attorneys should either be presented in a habeas petition for ineffective assistance of counsel or a legal malpractice claim brought in state court.  Thus, his claims against Wilkov and Paker should also be dismissed.

If Plaintiff is complaining about the evidence presented against him at trial (the false doctor's statements), this claim, too, should be asserted in a habeas petition, but it

**No. 1:07cv184-MP/AK**

cannot be asserted against two private physicians, who are not state actors for purposes of a civil rights cause of action.  A person acts under color of state law when he acts with authority possessed by virtue of his employment with the state.  Edwards v. Wallace Community College, 49 F.3d 1517, 1722 (11th Cir. 1995) *citing* West v. Atkins, 487 U.S. 42, 48-50, 108 S. Ct. 2250, 2255, 101 L. Ed. 2d 40 (1988).  "The dispositive issue is whether the official was acting pursuant to the power he/she possessed by state authority or acting only as a private individual."  *Id.*, at 1523, *citing* Monroe v. Pape, 365 U.S. 167, 183-84, 81 S. Ct. 473, 482, 5 L. Ed. 2d 492 (1961), *overruled on other grounds by* Monell v. Department of Social Servs., 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978).

Finally, Plaintiff has apparently sued Governor Crist because he believes he is responsible for the presentation of evidence in state courts or because the state attorneys are his employees.  However, a governor is not liable for the implementation of state laws simply because of his "general executive powers."  Harris v. Bush, 106 F.Supp. 2d 1272, 1276-1277 (N.D. Fla. 2000).

Plaintiff has not alleged nor otherwise made clear what his basis for suing Governor Crist is, but he has not shown that the governor is responsible for or has connection to his criminal trial.  See Luckey v. Harris, 860 F.2d 1012, 1015-16 (11th Cir.1988) (state officers can only be sued if they are "responsible for" a challenged action and have "some connection" to the unconstitutional act at issue).

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's complaint, doc. 1, be **DISMISSED** for failure to state a claim upon which relief may be

**No. 1:07cv184-MP/AK**

granted pursuant to 28 U.S.C. § 1915(e)(2), and that the order adopting this report and recommendation direct the clerk of court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Gainesville, Florida, this 14th Day of October, 2008.

s/ A Kornblum
**ALLAN KORNBLUM
UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

**No. 1:07cv184-MP/AK**